# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LASERDYNAMICS, INC., | § | |
| | § | |
| vs. | § | CASE NO. 2:06-CV-348 |
| | § | |
| ASUS COMPUTER INT'L, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

**1.   Introduction**

Prior to the claim construction hearing in this case, the parties filed eight discovery motions. That conduct is indicative of the manner in which this case has proceeded since before the initial scheduling conference. Most, if not all, of these motions should not have been necessary, and these disputes are indicative of a reckless disregard of the discovery obligations and the rules of practice applicable in this court. This order resolves the discovery disputes and imposes sanctions on the Asus defendants for the reasons expressed herein.

**2.   Resolution of Pending Motions**

Turning to the discovery disputes, the court entertained argument on the following discovery motions after the claim construction hearing:

> LaserDynamics, Inc.'s ("LaserDynamics") motion to compel interrogatory responses from Quanta Storage America, Inc. ("QSA") and Quanta Computer USA, Inc. ("QCA") (#85)
>
> LaserDynamics' motion to compel interrogatory responses from Quanta Storage, Inc. ("QSI") and Quanta Computer, Inc. ("QCI") (all four Quanta defendants are collectively called "the Quanta defendants" or "Quanta") (#141),
>
> LaserDynamics' motion to compel interrogatory responses from Asustek Computer, Inc. ("Asustek") (#147),
>
> LaserDynamics' motion to compel Quanta to produce 30(b)(6) deponents in the United States (#95),

1

> Asustek's and Asus Computer International's ("Asus") (collectively "the Asus defendants") motion for protection regarding 30(b)(6) depositions (#111)[1],
>
> The Asus defendants' motion for protective order regarding LaserDynamics' requests for production (#113),
>
> LaserDynamics' cross-motion to compel the production of documents under the court's initial disclosure requirements by the Asus defendants (#133), and
>
> The Asus defendants' motion to compel LaserDynamics to comply with the local patent rules and amended discovery order (#114).[2]

Upon completion of the claim construction hearing, the court ordered the parties to meet and confer over the lunch recess in an effort to resolve the above-listed motions. The parties were able to reach some agreements during the lunch recess, but many disputes remained. This order disposes of all remaining issues in these discovery motions.

### A. LaserDynamics' motion to compel interrogatory responses from QSA and QCA (#85).

In its first motion (#85), the plaintiff moves the court to compel QSA and QCA to provide more complete responses to Interrogatory Numbers 2-6 and 9 from the plaintiff's first set of interrogatories, and Numbers 12 and 15 from the plaintiff's second set of interrogatories. The plaintiff also moves the court to compel QCA to produce a 30(b)(6) witness to identify both the functionality of the accused DVD drives and the factual basis for QCA's noninfringement defense.

During the lunch-hour meet and confer, the parties agreed to defer the defendants' responses to Interrogatory Numbers 2-6. In Interrogatory Number 9, the plaintiff asks the

---

[1] This motion was terminated on September 26, 2008, per order #257.

[2] This motion was terminated on November 11, 2008, per order #300.

defendants to identify "every related company to Quanta Computer/Quanta Storage and the business of each company." The defendants answered this interrogatory by producing their annual reports, and thereafter citing to Rule 33(d) with the contention that the parties bear equal burden in ascertaining the answer from the annual reports. The defendants' reliance on Rule 33(d) is improper. The court orders the defendants to provide a narrative response to this interrogatory within 11 days. All objections that are not directed to an applicable privilege are overruled.

Interrogatory Number 12 asks the defendants to identify relevant patent licenses, and Interrogatory Number 15 asks the defendants to identify any acceptable, non-infringing alternatives to the claimed device at issue in this case. To the extent the defendants have not provided full and complete narrative responses to these interrogatories, they are ordered to do so within 11 days. All objections not directed to an applicable privilege are likewise overruled.

**B. LaserDynamics' motion to compel interrogatory responses from QSI and QCI (#141).**

In this motion (#141), the plaintiff moves the court to compel QSI and QCI to provide more complete responses to Interrogatory Numbers 2-6 from the plaintiff's first set of interrogatories. The parties reached agreement on two interrogatories during their lunch-hour meet and confer. Interrogatory Number 2 asks the defendants to identify certain disc drive functionality in the source code for the accused devices. During the meet and confer, the defendants informed the plaintiff that their response was full and complete. In light of this representation, the plaintiff withdrew its objection to the defendants' response. Interrogatory Number 6, in relevant part, asks the defendants to state the factual basis for their noninfringement positions in this case. The parties agreed that the defendants would answer this

portion of the interrogatory within 20 days of the issuance of the claims construction order by the court.

Interrogatory Numbers 3-5 ask the defendants to explain how certain aspects of the defendants' accused disc drives function. The plaintiff seeks both a narrative description of the functionality, as well as pinpoint citations to the portions of the source code that are responsible for the functionality. The defendants have provided the pinpoint citations, but object to providing a narrative description of the functionality. In this regard, the defendants contend that a narrative description is inappropriate because they have produced the source code, and the parties therefore bear equal burden in reviewing the source code to describe the functionality of the drives. *See* Rule 33(d). The defendants' reliance on Rule 33(d) is improper. The interrogatories are directed to the functionality of the defendants' own products. It is implausible for the defendants to contend that the plaintiff stands on equal footing when it comes to determining how the defendants' own products operate. As such, the court overrules the defendants' objection and orders the defendants to provide the plaintiff with a full and complete narrative response for each of the accused devices within 30 days.

**C. LaserDynamics' motion to compel interrogatory responses from Asustek (#147).**

In this motion (#147), the plaintiff moves the court to compel Asustek to provide full and complete responses to Interrogatory Numbers 2-6, 8, 18, 21, and 23-27. A portion of the parties' disagreement is directed at the number of interrogatories that each side is permitted to serve under this court's discovery order. The court resolved this disagreement at the hearing, and enlarged the number of permissible interrogatories to 120 per side. All of the plaintiff's previously served interrogatories are deemed to fall within this expanded number.

In Interrogatory Numbers 2-5, the plaintiff asks Asustek to describe certain disc drive functionality and to further identify all source code that is responsible for such functionality. The plaintiff asks Asustek to provide both a narrative description of the functionality, as well as pinpoint citations to the source code provisions that are responsible for that functionality. Asustek has provided the narrative response, but has failed to identify the source code sections by page and line numbers. Asustek objects to providing specific page and line numbers because its source code is difficult to follow. *See* Transcript at 30. The court overrules Asustek's objection, and orders it to identify the requested source code functionality with specificity, *i.e.* by reference to page and line numbers. Asustek is ordered to fully supplement its responses to Interrogatory Numbers 2-5 within 15 days. Asustek may not rely on Rule 33(d) when answering these interrogatories.

Interrogatory Number 6 asks Asustek to provide the factual bases for its noninfringement positions. During the lunch recess meet and confer, the parties agreed that Asustek would provide a full and complete answer to this interrogatory within 20 days of the issuance of the claim construction order by the court.

Interrogatory Number 8 asks Asustek to "[i]dentify every related company . . . and the business of each company." In response to this interrogatory, Asustek cited Rule 33(d) and directed the plaintiff to its organizational chart, which is written in a foreign language. During the hearing, the court ordered Asustek to provide a full and complete narrative response to this interrogatory within 48 hours.

Interrogatory Number 18 asks Asustek to "state the cost (fixed and variable) to Asustek for each such drive and the price for which each such drive was sold, if sold, or offered for sale, if offered for sale and [to] identify all [supporting] documents . . . ." The crux of the dispute

between the parties focuses on Maintek and Askey, which are entities that manufacture some of the drives at issue for Asustek. The plaintiff, in essence, moves the court to compel documents that reflect Maintek's and Askey's manufacturing costs in order to have a complete understanding of the "cradle to grave" cost information for the accused products.

Asustek proffers numerous objections to avoid its discovery obligations. In this regard, Asustek first contends that cost information is not relevant to the plaintiff's claims. The court overrules this objection. Asustek also contends that it cannot provide the requested information because it does not track costs on a fixed or variable basis. Although this may be true, the court orders Asustek to produce business documents that reflect, either directly or indirectly, its costs basis for each accused product. To the extent that such information resides with an Asustek subsidiary or affiliated company, the court orders it to be produced, and finds that such information is within the control of Asustek. Asustek's production in this regard shall be completed within 15 days. Asustek will be bound by its damages production in accordance with this order. As such, Asustek may not rely on any of its own financial documents, or those of any subsidiary or affiliate, if such documents are not produced within 15 days.[3] Asustek may rely in part on Rule 33(d) when answering this interrogatory and is ordered to produce all documents which show its cost basis in the accused products.

As an additional matter, during the discovery hearing, the court ordered Asustek to produce documents that reflect Asustek's global sales of the accused products within 7 days of the hearing. The court ordered this information to be broken down according to each accused DVD drive, rather than an annual report that fails to discriminate between Asustek's products.

---

[3] The court's order in this respect applies equally to all of the defendants in this case. To the extent any defendant fails to fully produce its relevant financial information, such as information to discern profitability, such defendant will be precluded from relying on any such information at trial to rebut any opinion expressed by the plaintiff's damages expert.

As redrafted by the court during the discovery hearing, Interrogatory Number 21 asks Asustek, for each drive identified in its response to Interrogatory Number 1, to "identify (a) the manufacturer of the drive; (b) the person who authored any part of the source code of the drive; and (c) the identity, in general, of the portion of a given source code authored by that person." During the hearing, the court ordered Asustek to answer this interrogatory, as redrafted, within 7 days from the hearing.

Interrogatory Numbers 23 and 27 are related and ask about Asustek's contacts with the United States with respect to DVD drive sales. In response to these interrogatories, Asustek offered to withdraw its jurisdictional and venue-related challenges in exchange for the plaintiff's withdrawal of these interrogatories. The court overrules Asustek's objections, and orders it to provide the plaintiff with a full and complete narrative response to each of these interrogatories within 11 days.

Interrogatory Number 24 asks Asustek to provide its proposed date for the hypothetical license negotiation. Once again, Asustek refused to do so. The court overrules Asustek's objections, and orders it to provide the plaintiff with a full and complete narrative answer within 11 days.

Interrogatory Number 25, in general terms, asks Asustek to identify any indemnification agreements it has with its customers, and Interrogatory Number 26, in general terms, asks Asustek to identify any "buy-back" agreements it has with third parties. The court orders Asustek to provide full and complete answers to these interrogatories, including nonredacted versions of the agreements, to the plaintiff within 11 days.

**D.    LaserDynamics' motion to compel Quanta to produce 30(b)(6) deponents in the United States (#95).**

In this motion (#95), the plaintiff moves the court to compel the Quanta defendants to present their 30(b)(6) witnesses in the United States. The parties reached agreement on this motion during their lunch-hour meet and confer session. This agreement was recited by the parties on pages 4-7 of the hearing transcript (#202). The court adopts the parties' agreement as a ruling of this court. *See* Transcript (#202) at 4-7. This motion (#95) is denied without prejudice in light of the parties' agreement.

E. **The Asus defendants' motion for protective order regarding LaserDynamics' requests for production (#113).**

In this motion (#113), the Asus defendants move the court for protection from the plaintiff's requests for production. As an initial matter, the court entered an amended discovery order in this case on September 12, 2007. *See* Dkt. No. 41. In accordance with paragraph 3(b) of that order, each party was ordered to provide, within 45 days of the scheduling conference, to every other party without awaiting a discovery request, a "copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the case . . . ." *See* Amended Discovery Order (#41) at 2-3. The Asus defendants failed to comply with this provision of the court's discovery order.[4] Among other things, the Asus defendants argued that their discovery obligations should be limited because of their belief that the plaintiff is not entitled to a very large royalty. This argument is rejected. The refusal to produce documents prompted the plaintiff to serve over 100 requests for production, thus exacerbating the discovery issues in this case. The plaintiff's requests for production were broad

---

[4] The court recognizes that, unlike Asus, Asustek was brought into this action two days after the scheduling conference. However, Asus and Asustek are related entities and share common counsel in this case. Additionally, upon entry into this case, Asustek failed to petition the court for any relief from the court's discovery order provisions.

and provided the defendants with yet another opportunity to shirk their discovery obligations. The meet and confer process with respect to these issues has resulted in an impasse.

Rather than address each individual request, the court will resolve the disputes by addressing the overarching issues that were identified by the plaintiff during the discovery hearing. The first broad category includes technical documents. During the hearing, the plaintiff identified the following deficiencies in the Asus defendants' document production: the lack of drafts or revisions to source code for the accused drives, the lack of documents describing any modifications that the defendants have made to the source code, and schematics for all of the accused disc devices, such as that describe disc discrimination functionality. The court orders all such documents, data compilations, and tangible items to be produced by the Asus defendants within 15 days. Additionally, within the same time period, the court orders the Asus defendants to provide the plaintiff with a sample of each accused disc drive that is within their possession, custody, or control. Such drive samples shall be offered to the plaintiff at the same cost that the defendants would sell the drives to a third-party, with reasonable surcharges for shipping and handling.

The next category of documents is financial documents. During the hearing, the plaintiff identified the following deficiencies in the Asus defendants' production: the lack of documents that were used to create the defendants' financial summaries, *e.g.,* copies of purchase orders; the lack of documents that describe the defendants' manufacturing capacity, pricing, costs, and product returns; and the lack of the defendants' tax returns and annualized financial statements. The court orders the Asus defendants to produce within 15 days their tax returns and annual financial statements during the relevant damages period. The court also orders the Asus defendants to produce within 15 days, to the extent they exist, any and all copies of the

documents that were used to create the financial summaries for the accused products.  The Asus defendants must also produce within 15 days documents and other tangible items that reflect the Asus defendants' manufacturing capacity, pricing, costs, and product returns for all accused devices.

During the hearing, the plaintiff also identified the following miscellaneous deficiencies with the Asus defendants' production: the lack of archived versions of the defendants' website during the alleged period of infringement, as well as the lack of documents reflecting the relationships and agreements that the defendants have with third parties pertaining to the accused devices.  To the extent the Asus defendants have not already produced these documents and items, they are ordered to do so within 15 days.  The motion for protective order (Dkt. No. 113) is denied.

### F. LaserDynamics' cross-motion to compel the production of documents under the court's initial disclosure requirements by the Asus defendants (#133).

The plaintiff filed this motion in response to the Asus defendants' motion for protection.  This motion (#130) is denied as moot in light of the court's previous rulings.

### 3. Imposition of Sanctions

As indicated above, the court imposes sanctions on the Asus defendants.  *See e.g.*, *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997), cert. denied, 522 U.S. 914 (1997) (stating, "[d]iscovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions" (citing 28 U.S.C. § 636(b)(1)(A))) *and Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F. Supp. 1156, 1161-1163 (S.D. Tex. 1994).  The basis for the sanctions are (1) the failure to produce relevant documents, (2) the imposition of numerous improper objections, (3) improper reliance on Rule 33(d), and (4) the failure to meet and confer in good faith to resolve discovery matters.  This conduct was committed willfully and

in an effort to avoid discovery obligations. The court has considered appropriate sanctions in this case and is persuaded that the appropriate sanction should be the loss of one peremptory challenge for the Asus defendants. The court will also reduce the time for voir dire, opening statements, and closing argument by one-half of the amount allotted to the Quanta defendants. As this is the first sanction imposed in this case, the undersigned warns the Asus defendants that future discovery abuses will result in more severe sanctions. The undersigned has considered lesser sanctions and is persuaded that lesser sanctions would not sufficiently deter future violations of the Discovery Order and Federal Rules of Civil Procedure.

As a part of the sanction, the undersigned also considered awarding the plaintiff all attorneys fees and costs incurred in presenting the motion to compel and defending against the motion for protection. Ordinarily, those fees should be recoverable. However, those fees and costs are not awarded in this case because the record indicates that the plaintiff, through its counsel, was also guilty of failing to meet and confer in good faith in an attempt to resolve the disputes. That failure to meet and confer in good faith violates the local rules of practice in this court, and the penalty is the loss of any award of fees and costs.

**4.     Conclusion**

The court resolves the discovery matters as set forth herein and imposes the described sanctions on the Asus defendants.

SIGNED this 21st day of January, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE