IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **LASERDYNAMICS, INC.,** | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.:  2-06CV-348 |
| | § | |
| v. | § | |
| | § | |
| ASUS COMPUTER INTERNATIONAL; | § | JURY TRIAL DEMANDED |
| QUANTA STORAGE AMERICA, INC.; | § | |
| QUANTA COMPUTER USA, INC.; | § | |
| ASUSTEK COMPUTER, INC.; | § | |
| QUANTA STORAGE, INC.; AND | § | |
| QUANTA COMPUTER, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS
MOTION IN LIMINE NO. 14
[INEQUITABLE CONDUCT]**

Plaintiff, LaserDynamics, Inc. ("LaserDynamics"), file this brief in support of its motion requesting the Court to enter an order *in limine* precluding the Asus Defendants and the Quanta Defendants, or their expert witnesses, from mentioning, referring to, or attempting to introduce evidence of alleged inequitable conduct on the part of Yasuo Kamatani in prosecuting the '981 patent.

Both the Asus and Quanta Defendants have asserted an inequitable conduct defense. Defendants may attempt to offer evidence on this defense at trial.

The Court should preclude any evidence, statement, or argument regarding Defendants' allegation that the '981 patent is unenforceable as the result of any inequitable conduct, because inequitable conduct defense is an equitable defense and therefore Defendants have no right to a jury trial on that defense. The decision on inequitable conduct is made by the trial judge based on his own findings of fact.

# I.
# ARGUMENT

### A. The Issue of Inequitable Conduct and Any Necessary Factual Determinations Concerning That Defense Must Be Decided by the Court

The question of whether inequitable conduct occurred in this case is equitable in nature. *Solarex Corp. v. Arco Solar, Inc.*, 870 F.2d 642, 644 n.2 (Fed. Cir. 1989). *See also Kingsdown Medical Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 876 (Fed. Cir. 1988), *cert. denied*, 490 U.S. 1067 (1989); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987). It is not an issue for the jury to decide. *Perseptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000) ("The defense of inequitable conduct is entirely equitable in nature, and thus not an issue for a jury to decide."). *See also Bd. Of Educ. v. American Bioscience, Inc.*, 333 F.3d 1330, 1343 (Fed. Cir. 2003) ("In light of all the circumstances, the court must then determine whether the applicant's conduct is so culpable that the patent should be held unenforceable."); *Hoffman-La Roche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1359 (Fed. Cir. 2003) ("Once the requisite levels of materiality and intent are shown, the district court must determine whether the equities warrant a conclusion that the patentee has engaged in inequitable conduct."); *General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994) ("The disputed issues of fact underlying the issue of inequitable conduct are not jury questions, the issue being entirely equitable in nature."); *Paragon Podiatry Laboratory, Inc. v. KLM Laboratories, Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) (per curiam) ("The defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for a jury to decide.") As the Federal Circuit declared in *American Bioscience*:

> Determination of inequitable conduct requires a two-step analysis. First, the **trial court must determine** whether the conduct meets a threshold level of materiality. The **trial court must then also determine** whether the evidence shows a threshold level of intent to mislead the PTO. These threshold determinations are reviewed

> by this court for clear error. Once the threshold levels of materiality and intent have been established, **the trial court is required to weigh them**. In light of all the circumstances, **the court must then determine** whether the applicant's conduct is so culpable that the patent should be held unenforceable. We review the district court's ultimate determination of inequitable conduct under an abuse of discretion standard.

*Am. Biocide*, 333 F.3d at 1343 (citations omitted) (emphasis added).

### B.    Evidence of Issues to be Decided by the Court are Irrelevant to Jury Issues

Since the issue of inequitable conduct and the factual determinations of intent and materiality are issues for the court to decide, any evidence of these issues is irrelevant to the issues to be decided by the jury and, therefore, should not be presented to the jury. FED. R. EVID. 402. Alternatively, any probative value gained in the admittance of this evidence would be minuscule at best and would be substantially outweighed by unfair prejudice to Plaintiffs and confusion of the issues. Such evidence would confuse and distract the jury from the issues it must decide by injecting an issue that is not for the jury to decide. In *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1213 (Fed. Cir. 1987), for example, the Federal Circuit emphasized that "the conduct-of-the-applicant-in-the-PTO issue raised in the non-jury trial and the separated infringement/validity issues are distinct and without commonality either as claims or in relation to the underlying fact issues." Therefore, any evidence relating to Plaintiffs' alleged inequitable conduct should be excluded pursuant to FED. R. EVID. 403.

In *Pioneer Hi-Bred International, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 145 (N.D. Iowa 2003), one of the issues the court addressed was whether to exclude evidence of a defendant's equitable defenses in a patent infringement case. There, the Court stated:

> Furthermore, the court agrees with Pioneer that evidence of or reference to the equitable defenses of laches, estoppel, or waiver must be barred in proceedings in front of the jury. Evidence expressly or only directed to such defenses and express reference to such defenses poses a very real risk of unfair prejudice that

3

> outweighs any probative value such evidence might have to matters properly before the jury, as well as a risk of misleading and confusing the jury. *See* FED. R. EVID. 403. Specifically, admission of such evidence or reference to such defenses might invite the jury to make a determination on the basis of "equitable" considerations that do not properly enter into any determination that the jury must make.

*Id*.

The Court further stated:

> Exclusion of the evidence expressly or only relating to equitable defenses in front of the jury does not deprive Ottawa of any defense or unfairly prejudice Ottawa. First, the court will hear evidence related to the equitable defenses in proceedings outside the presence of the jury, either on trial days or after the jury trial has concluded. Second, in the interest of judicial economy and economy to the parties, counsel for the parties will be allowed to summarize evidence presented to the jury that is also, in counsel's view, applicable to the court's equitable determinations, so that redundant presentation of evidence can be avoided. Third, because Ottawa asserted the equitable claims, it cannot be heard to complain that it is prejudiced by trial of those claims to the court in separate proceedings.

*Id*. at 145-46.

Clearly, the same rationale applies here. Evidence of inequitable conduct poses a very real risk of unfair prejudice to Plaintiffs that outweighs any probative value that such evidence might have to the matters properly before the jury. *See id*. Therefore, evidence of inequitable conduct should be excluded at trial before the jury. Accordingly, this Court should preclude any argument or evidence in the presence of the jury regarding the issue of inequitable conduct because the defense of inequitable conduct is not to be tried to the jury.

4

## II.
## CONCLUSION

This Court should preclude any argument or evidence in the presence of the jury regarding the issue of inequitable conduct because the defense of inequitable conduct is not to be tried to the jury.

                Respectfully submitted,

Date:  May 18, 2009                DUANE MORRIS LLP

        By:    /s/ Gregory M. Luck
                  Gregory M. Luck, Esq.
                  Thomas W. Sankey, Esq.
                  Wesley W. Yuan, Esq.
                  DUANE MORRIS LLP
                  3200 Southwest Freeway, Suite 3150
                  Houston, Texas  77027-7532
                  Telephone: (713) 402-3937
                  Facsimile: (713) 402-3901

                  Jeffrey S. Pollack
                  DUANE MORRIS LLP
                  30 S. 17th Street
                  Philadelphia, Pennsylvania 19103-4196
                  Telephone: (215) 979-1000
                  Facsimile: (215) 979-1020

                  Timothy N. Trop
                  Attorney-in-Charge
                  TROP, PRUNER & HU, P.C.
                  1616 S. Voss Rd., Suite 750
                  Houston, Texas  77057-2631
                  Telephone: (713) 468-8880
                  Facsimile: (713) 468-8883

6

Sidney Calvin Capshaw, III
CAPSHAW DERIEUX
1127 Judson Road, Suite 220
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

ATTORNEYS FOR PLAINTIFF
LASERDYNAMICS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION IN LIMINE NO. 14 [INEQUITABLE CONDUCT] was served on the following counsel of record via the Court's ECF System or first class mail on this the 18th day of May, 2009.

Otis W. Carroll (otiscarroll@icklaw.com)
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX  75703
Fax:  903-581-1071    Herbert A. Yarbrough, III (trey@yw-lawfirm.com)
Melvin R. Wilcox III  (mrw@yw-lawfirm.com)
YARBROUGH – WILCOX, PLLC
100 East Ferguson, Suite 1015
Tyler, TX  75702

Vincent K. Yip (vincentyip@paulhastings.com)
Terry D. Garnett (terrygarnett@paulhastings.com)
Katherine Murray (katherinemurray@paulhastings.com)
Hua Chen (huachen@paulhastings.com)
Benjamin F. Davis (benjamindavis@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER
515 South Flower Street, 25th Floor
Los Angeles, CA  90071-2228
Fax:  212-627-0705

Ronald S. Lemieux (ronlemieux@paulhastings.com
Vid Bhakar (vidbhakar@paulhastings.com)
Michael N. Edelman (michaeledelman@paulhastings.com)
PAUL, HASTINGS, JANOFSKY & WALKER
1117 S. California Avenue
Palo Alto, CA  94304-1106
Fax:  650-320-1900

                                              */s/ Deborah Powers*
                                              Deborah Powers