IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LASERDYNAMICS, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:06-CV-348 |
| | § | |
| ASUS COMPUTER | § | |
| INTERNATIONAL, ET AL. | § | |

## ORDER

Pending before the court are various motions. The court's order on each motion is detailed herein.

1. Pursuant to the parties' notification to the court of settlement as to the Asus defendants, the following motions are denied as moot: Dkt Nos. 140, 172, 241, 306, 368, 371, 374, 434, 436, 437, 438, 439, and 442.

2. The court recently granted (Dkt. No. 445) the Quanta defendants' motion to serve amended invalidity contentions (Dkt. No. 348). Accordingly, the court denies as moot LaserDynamics' motion to strike the expert report of Dr. Duncan MacFarlane (Dkt. No. 321).

3. The court denies LaserDynamics' motion to strike the expert report of Dr. MacFarlane under Federal Rule of Evidence 702 (Dkt. No. 366). In its motion, LaserDynamics seeks to limit or preclude testimony of Dr. MacFarlane, asserting that he lacks specific expertise and experience in the area of the design and operation of optical disk drives. The court finds that Dr. MacFarlane's credentials qualify him as an expert under Rule 702. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579. Furthermore, LaserDynamics' objections are misdirected under *Daubert* because they attack the credibility and weight of Dr. MacFarlane's testimony. "Vigorous cross-examination,

presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. The court directs the defendants to limit Dr. MacFarlane's testimony to the claim construction that was adopted by the court for purposes of expressing his opinions on validity or infringement.

4. The court denies Quantas' motion to strike the expert report of Dr. Dennis Howe (Dkt. No. 373) for the same reasons as discussed above concerning LaserDynamics' motion to exclude (Dkt. No. 366). The expert shall limit his testimony to the opinions disclosed in his reports and deposition testimony.

5. The court denies the defendants' motion to strike Dr. Howe's first and second supplemental reports (Dkt. No. 443). The defendants are granted leave to depose Dr. Howe with respect to issues raised in his first and second supplemental reports. Such deposition shall not exceed three hours in length.

SIGNED this 22nd day of May, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE