1

1       IN THE UNITED STATES DISTRICT COURT

2       FOR THE EASTERN DISTRICT OF TEXAS

3       MARSHALL DIVISION

4  LASERDYNANMICS, INC.,   )(

5          )(  CIVIL DOCKET NO.

6          )(  2:06-CV-348-TJW-CE

7  VS.       )(  MARSHALL, TEXAS

8         )(

9  ASUS COMPUTER    )(  JUNE 30, 2009

10  INTERNATIONAL, ET AL.  )(  8:03 A.M.

11       MOTIONS HEARING

12     BEFORE THE HONORABLE JUDGE CHAD EVERINGHAM

13      UNITED STATES MAGISTRATE JUDGE

14

15  APPEARANCES:

16  FOR THE PLAINTIFF:  MR. TOM SANKEY
             MR. GREGORY M. LUCK
17         MR. WESLEY W. YUAN
          Duane Morris - Houston
18        3200 Southwest Freeway
         Suite 3159
19         Houston, Texas 77027

20  APPEARANCES CONTINUED ON NEXT PAGE:

21   COURT REPORTER/TRANSCRIBER:   MS. SUSAN SIMMONS, CSR
                    Official Court Reporter
22                  100 East Houston
                    Suite 125
23                  Marshall, Texas 75670
                    903/935-3868
24
     (Proceedings recorded by electronic recording equipment,
25   transcript produced on a CAT system.)

2

```
1              MR. JEFFREY S. POLLACK
               Duane Morris LLP - PA
2              30 South 17th Street
               Philadelphia, PA 19103
3
               MR. DAYMON JEFFREY RAMBIN
4              Capshaw DeRieux, LLP
               1127 Judson Road
5              Suite 220
               Longview, Texas 75601-5157
6
   FOR DEFENDANTS:     MR. S. CHRISTIAN PLATT
7              Paul Hastings Janofsky & Walker
               4747 Executive Drive
8              12th Floor
               San Diego, CA 92121
9
               MS. KATHERINE F. MURRAY
10             Paul Hastings Janofsky & Walker
               515 S. Flower Street
11             25th Floor
               Los Angeles, CA 90071-2228
12

13

14

15

16

17

18

19

20
```

21

22

23

24

25

3

1                    I N D E X

2

3   June 30, 2009

4                            Page

5   Appearances                 1

6   Court Reporter's Certificate          12

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1          P R O C E E D I N G S

2          THE COURT:  All right.  We'll hear proffers

3   as to the authenticity of the two exhibits that -- with

4   respect to the hearing I set at 8:00 this morning.

5   What's the proffer?

6          MR. SANKEY:  Your Honor, with respect to the

7   TSR reports, first of all, I think that they are

8   admissible under 803.17 in market reports that are

9   reasonably relied upon in the industry.  My --

10         THE COURT:  All right.  Let's talk about the

11  authenticity.  That's the objection.  That's -- that's

12  the hearsay argument.  What's the authenticity proffer?

13         MR. POLLACK:  Your Honor, on the

14  authenticity, our position is that these documents come

15  from their own records, in fact are cited in their own

16  annual report.  They're cited in their own expert's

17  report.  Mr. Reed footnotes where he's relying upon them

18  to set a royalty rate.  And Your Honor had ordered them

19  to take a deposition after the last hearing if they were

20  to challenge authenticity and they have not taken that

21  deposition.

22        THE COURT:  Okay.  Let's hear the objection.

23        MS. MURRAY:  Your Honor, just to correct the

24  record, our expert does not rely on this document.  This

25  document is a third-party document.  It was produced by

5

1    our clients, but it is not created by our clients.  Our

2    clients cannot authenticate anything that's contained in

3    this information.

4         THE COURT:  Okay.  Tell me what good faith

5    basis you have to suggest that the documents are not

6    what they purport to be or in any way are not authentic.

7         MS. MURRAY:  Well, the problem, Your Honor,

8    is that we have no way to verify whether the information

9    is authentic, so we don't know where it --

10        THE COURT:  So you don't -- you don't know

11   then necessarily whether it's unauthentic?

12        MS. MURRAY:  We can't say yes or no either

13   way.

14        THE COURT:  Okay.  And what efforts have you

15   made to determine authenticity?

16        MS. MURRAY:  Well, Your Honor,

17   unfortunately, because the company is in Tokyo, it's

18   been very difficult to get in touch with --

19        THE COURT:  Okay.

20        MS. MURRAY:  -- that particular company.

21          THE COURT:  Okay.  So tell me what -- tell

22   me what you've done.

23          MS. MURRAY:  We haven't done anything to

24   verify whether it's authentic --

25          THE COURT:  Tell me what you've done to

6

1   contact the company to -- you said it was difficult to

2   contact them.  I want to know what all you've done.

3       MS. MURRAY:  Following the -- the hearing we

4   had with the Court, we asked Plaintiffs -- we sent

5   Plaintiffs a letter to clarify whether they were going

6   to seek to introduce this exhibit and explained that if

7   they want to seek to introduce this exhibit, we believe

8   Plaintiffs should be taking the deposition to get the

9   documents authenticated.  And we did not seek to

10   introduce this exhibit at trial.

11       THE COURT:  Okay.  And then before then I

12   need to know everything that you did to assess whether

13   they were authentic or not.

14       MS. MURRAY:  We did not take any efforts to

15   assess either way, Your Honor.

16       THE COURT:  Okay.

17       MS. MURRAY:  We believe it was Plaintiff's

18   burden to do that.

19       THE COURT:  Okay.  Well, here's what I'm

20   going to do.  I'm going to sustain the objection.

21        Is it something that your expert's going to

22   rely on?

23        MR. SANKEY:  No, sir.

24        THE COURT:  Under Rule 703, I'm going to

25   allow you to disclose it to the jury.  As long as he

7

1  lays the predicate that experts in the field would

2  reasonably rely on this type of information, I'll allow

3  you to use it in conjunction with your expert's

4  testimony.  I will allow him to disclose it to the jury,

5  but it's not going to be admitted.  Those exhibits will

6  not be admitted as substantive evidence.

7        I find for purposes of the record that the

8  probative value of the exhibits in assisting the jury in

9  evaluating your expert's opinion substantially outweighs

10  their prejudicial effect.  I find for the record that

11  the prejudicial effect is very low, given that there's

12  been no suggestion that the documents are not authentic

13  or not what they purport to be.  They were found in the

14  Defendants' records and the Defendant made no effort at

15  all to assess whether or not one way or the other the

16  documents were authentic or not, so I find the

17  likelihood of prejudicial effect by allowing them to be

18  displayed to the jury is very low, and accordingly, that

19  will be the ruling of the Court as to those exhibits.

20        I'll see y'all at 8:30 during opening

21   statements to discuss your -- your bench brief issues.

22   I understood there was an issue with respect to

23   demonstratives.  Y'all want to pass them up, I'll look

24   at them in chambers.

25        MR. SANKEY:  I can -- I can -- we can get to

8

1   the Court our demonstratives.  I've not -- I -- I

2   understand they have objections to them.  I think we

3   have three or four of them we'll get to the Court.

4   They're up in the courtroom.

5         THE COURT:  Okay.

6         MR. PLATT:  If it helps, I can tell the

7   Court what our objections are with those demonstratives?

8         THE COURT:  Okay.

9         MR. PLATT:  So there are some handwritten

10  notes that appear to be on lined paper as if they came

11  from a notebook that sort of -- are meant to explain, I

12  guess, the conception of the invention.  There's been no

13  documents produced corroborating that story, and we

14  think it's -- it's misleading to the jury when you're

15  going to put pictures -- hand drawn pictures up there

16  that look like they're taken from a notebook and display

17  those to the jury.  And those are our objections.

18         MR. SANKEY:  Your Honor, the demonstrative

19  -- it's three pages.  It's a hand drawing done by Mr.

20  Kamatani recently explaining how he came up with the

21   initial idea for his invention while he was sitting in a

22   boat on a lake fishing with a fish finder and he drew

23   the boat and he drew the fish finder and how it shoots a

24   sound wave down to the bottom and comes back up and

25   that's the light bulb that went off for him to come up

9

1   with his invention to begin with.  He -- he produced or

2   he drafted that for me after he had told me the story, I

3   asked him to please do that and he did it.  We gave it

4   to them as a demonstrative to explain to the jury his

5   idea.

6         THE COURT:  Well, as long as you explain to

7   the jury that that's the context in which it was

8   prepared, and not suggest that it was intended to

9   corroborate something that happened back when he

10   actually -- when the light went off, as you suggested,

11   I'll allow -- I'm going to allow it, but you --

12         MR. SANKEY:  It was all done --

13         THE COURT:  -- what I'm instructing you do

14   is -- is at the time you display it for the jury to

15   explain the context in which it was done.

16         MR. SANKEY:  Yes, sir.

17         THE COURT:  Okay?  That ought to resolve the

18   objection.  It's not admitted for substantive purposes,

19   but as long as the context in which it was prepared was

20   -- is made clear, then I don't have a problem with that.

21          Now, what other issues are there?

22          MR. PLATT:  That was our main objection.

23          THE COURT:  Are there any other objections

24  to exhibits that I need to take up?

25          MR. SANKEY:  We have the same exact issue

10

1   with the TSR document we had with the One Source

2   document, and these are the -- this is the company that

3   converts Taiwanese dollars into U.S. dollars.  Same

4   deal.  Our expert relies upon it.  It's accurate.  We've

5   done the comp -- compilations and they come out to the

6   exact penny on it.  I don't think there's any reasonable

7   basis to object to authenticity.  No one took the One

8   Source company's deposition to try to prove that it was

9   unauthentic.

10          And, again, I think that -- I would assume

11   that we would have the same ruling, that the expert can

12   rely upon it.  He can say he reasonably relies upon

13   doing a conversion since most of the numbers we received

14   from the Defendants are stated in Taiwanese dollars.

15          THE COURT:  What -- is there a good faith

16   basis to challenge the authenticity of it?

17          MS. MURRAY:  The pro -- the problem we had,

18   Your Honor, with this one is that it has the wrong name

19   of the company on it.  It doesn't have the right name --

20   name for Quanta Storage.

21          MR. POLLACK:  Your Honor, if I could speak

22   to that.  The -- the name on the report shows up as

23   Quanta Storage when they did assess -- that's the only

24   difference, not Quanta Storage, Inc.

25          MS. MURRAY:  This says Quanta Storage

11

1  International Limited, and this is the one that the

2  Court asked them to go take a deposition to get the

3  documents authenticated.

4      THE COURT:  Well, I'm going to -- I think

5  that more -- that issues goes to the weight to be given

6  to experts' testimony and relying on it.  I'm going to

7  issue the same ruling that I did before with the same

8  findings in there that neither side has raised any

9  question as to the authenticity, therefore the probative

10  value I think substantially outweighs any prejudicial

11  effect as long as your expert relies -- lays the

12  predicate that others in the field would reasonably rely

13  on this type of information.

14      And I believe that the challenge to the -- I

15  believe the challenge to the name of the company goes to

16  the weight to be given to the expert's testimony relying

17  on that document.

18      And I'll see y'all at 8:30.

19      MR. SANKEY:  Thank you, Judge.

20      COURT SECURITY OFFICER:  All rise.

21          * * * * * * * * *

22

23

24

25

12

1               CERTIFICATION

2

3         I HEREBY CERTIFY that the foregoing is a

4  true and correct transcript from the electronic

5  recording of the proceedings in the above-entitled

6  matter to the best of my ability.

7

8

9
   SUSAN SIMMONS              Date
10  Official Court Reporter
   State of Texas No.: 267
11  Expiration Date:   12/31/10

12

13

14

15

16

17

18

19

20

21

22

23

24

25