UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LASERDYNAMICS, INC., | § | |
| | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:06-CV-348-TJW |
| | § | |
| ASUS COMPUTER INTERNATIONAL, | § | |
| QUANTA STORAGE AMERICA, INC., | § | |
| QUANTA COMPUTER USA, INC., | § | |
| ASUSTEK COMPUTER INC., | § | |
| QUANTA STORAGE, INC., AND | § | |
| QUANTA COMPUTER, INC., | § | |
| | § | |
|    *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

In this case, plaintiff LaserDynamics, Inc. ("LaserDynamics") obtained a jury verdict of infringement against defendants Quanta Computer, Inc., et al., (collectively "Quanta") with respect to claim 3 of United States Patent No. 5,587,981 ("the '981 patent"). *See* Dkt. No. 533 (Jury Verdict). The court conducted a bench trial on August 10, 2009 to resolve Quanta's defense of inequitable conduct.

**II.   LEGAL STANDARDS**

"A patent may be rendered unenforceable for inequitable conduct if an applicant, with intent to mislead or deceive the examiner, fails to disclose material information or submits materially false information to the PTO during prosecution." *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006); *see also* 37 C.F.R. § 1.56(a) ("Each individual associated with the filing and prosecution of a patent application has a duty of candor

and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section.").

The materiality of information withheld during prosecution may be judged by the "reasonable examiner" standard. *See id.* at 1316. That is, "[m]ateriality . . . embraces 'any information that a reasonable examiner would substantially likely consider important in deciding whether to allow an application to issue as a patent.'" *Akron Polymer Container Corp. v. Exxel Container, Inc.*, 148 F.3d 1380, 1382 (Fed. Cir. 1998) (citations omitted). Moreover, "[i]nformation concealed from the PTO may be material even though it would not invalidate the patent." *Li Second Family Ltd. Partnership v. Toshiba Corp.*, 231 F.3d 1373, 1380 (Fed. Cir. 2000). "However, a withheld otherwise material prior art reference is not material for the purposes of inequitable conduct if it is merely cumulative to that information considered by the examiner." *Digital Control Inc.*, 437 F.3d at 1319. "[T]he scope and content of prior art and what the prior art teaches are questions of fact." *Id.*

"[T]he facts in inequitable conduct cases rarely, if ever, include direct evidence of admitted deceitful conduct." *Akron Polymer*, 148 F.3d at 1384. "The intent element of the offense is thus in the main proven by inferences drawn from facts, with the collection of inferences permitting a confident judgment that deceit has occurred." *Id.* "However, inequitable conduct requires not intent to withhold, but rather intent to deceive. Intent to deceive cannot be inferred simply from the decision to withhold the reference where the reasons given for the withholding are plausible." *Dayco Products, Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1367 (Fed. Cir. 2003). In addition, "a finding that particular conduct amounts to 'gross negligence' does not of itself justify an inference of intent to deceive; the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate

sufficient culpability to require a finding of intent to deceive." *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 876 (Fed. Cir. 1988) (en banc in relevant part).

"The party asserting inequitable conduct must prove a threshold level of materiality and intent by clear and convincing evidence." *Digital Control*, 437 F.3d at 1313. "Only after adequate showings are made as to both materiality and deceptive intent may the district court look to the equities by weighing the facts underlying those showings." *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., et al.*, 537 F.3d. 1357, 1367 (Fed. Cir. 2008). "The court must then determine whether the questioned conduct amounts to inequitable conduct by balancing the levels of materiality and intent, 'with a greater showing of one factor allowing a lesser showing of the other.'" *Digital Control*, 437 F.3d at 1313 (quoting *Union Pac. Res. Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 693 (Fed. Cir. 2001)).

## III. DISCUSSION

Defendant Quanta argues that Mr. Yasuo Kamatani committed inequitable conduct by not disclosing material information during the prosecution of the application leading to the '981 patent ("the '981 patent application"), and specifically, that Mr. Kamatani failed to disclose U.S. Patent No. 5,202,875 ("the '875 Rosen patent") to the Examiner of the '981 patent application with an intent to deceive the United States Patent and Trademark Office ("PTO").

Inventor Mr. Kamatani prepared, filed, and prosecuted the '981 patent without the assistance of counsel. It is uncontested that Mr. Kamatani was aware of the '875 Rosen patent before filing the application leading to the '981 patent, that Mr. Kamatani cited the '875 Rosen patent in numerous co-pending applications in their "Description of the Prior Art" sections, and that Mr. Kamatani did not disclose these other co-pending applications to the Examiner of the '981 patent application. It is also uncontested that the '875 Rosen patent relates to the same

technology claimed in the '981 patent, that the PTO granted reexamination of claims 1 and 3 of the '981 patent based in part on the '875 Rosen patent, and that the PTO issued a final rejection to claim 1, but not claim 3, of the '981 patent as being anticipated by the '875 Rosen patent.

Quanta argues that the '875 Rosen patent is material to claim 3 of the '981 patent and that Mr. Kamatani knew or should have known of its materiality. LaserDynamics primarily argues that even if the '875 Rosen patent is material to claim 3 of the '981 patent, that Mr. Kamatani did not know of the specific portion within the '875 Rosen patent that is alleged to be material. Thus, materiality of the '875 Rosen patent is not in genuine dispute and the primary disputed issue is whether Mr. Kamatani acted with an intent to deceive the PTO.

Quanta argues that an inference of intent to deceive is appropriate in this instance because, among other things, Mr. Kamatani deliberately excluded the '875 Rosen patent from the '981 patent application, the '875 Rosen patent is highly material to the '981 patent, and Mr. Kamatani failed to provide a credible explanation in his related deposition in a prior case as to why he did not disclose the '875 Rosen patent in the '981 patent application. Quanta relies heavily upon two portions of prosecution history involving Mr. Kamatani that allegedly support a finding of intent to deceive: the August 4, 1996 Response to Office Action for the '981 patent application, and the February 23, 1996 Office Action for U.S. Patent No. 5,629,917 ("the '917 patent") and Mr. Kamatani's response thereto.

LaserDynamics argues that Mr. Kamatani's citation of the '875 Rosen patent in other applications is evidence of good faith, not bad faith, and is consistent with Mr. Kamatani's disclosure of prior art based upon a "problem/solution approach" whereby he only disclosed prior art that showed a problem that the pending application addressed. Thus, LaserDynamics argues that Quanta's allegations of deceptive intent is not the single most reasonable inference

that can be drawn from the evidence and the threshold level of deceitful intent cannot be shown by clear and convincing evidence.

Based on the evidence of record, the arguments of counsel, and the testimony of the witnesses, the court does not find that the evidence is clear and convincing to prove that Mr. Kamatani intended to deceive the PTO by not disclosing the '875 Rosen patent to the Examiner of the '981 patent application. The Court has read the office actions and responses thereto relied upon by Quanta, and the Court does not believe that they show in their entirety the high level of deceptive intent by Mr. Kamatani that Quanta alleges. Further, the Court has considered the prior deposition of Mr. Kamatani and finds that, taken as a whole, it does not show an intent to deceive by Mr. Kamatani. Rather, it offers support for Mr. Kamatani's explanation as to why he did not disclose the '875 Rosen patent to the Examiner of the '981 patent application. Because the Court has found that Quanta has not satisfied its burden of proving deceptive intent by clear and convincing evidence, inequitable conduct cannot be found in this instance. *See Star Scientific*, 537 F.3d at 1365-67.

## V. CONCLUSION

Having found that Quanta has not met its burden of proving inequitable conduct by clear and convincing evidence, the Court concludes that Mr. Kamatani did not commit inequitable conduct toward the PTO. The Court therefore finds that the '981 patent is not unenforceable and DENIES Defendants' motion.

IT IS SO ORDERED.

SIGNED this 17th day of August, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE