**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LASERDYNAMICS, INC., § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CASE NO. 2:06-CV-348-TJW |
| § | | |
| QUANTA COMPUTER, INC., et al., § | | |
| *Defendants*. § | | |

**ORDER**

Before the Court is Defendant Quanta Computer, Inc.'s ("QCI's") motion for new trial and/or remittitur on the issues of damages. (Dkt. No. 592.)

Plaintiff LaserDynamics, Inc. ("LaserDynamics") argues that QCI has waived the right to challenge the sufficiency of the damages award by QCI having failed to make a Rule 50(a) motion prior to the verdict. However, in this case, QCI is not making a post-judgment motion based on Rule 50, but is making a motion for a new trial based on Rule 59(a). As even LaserDynamics admits, a pre-verdict JMOL is not a prerequisite for a motion for a new trial. *See Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 297-98 (5th Cir. 1978). According to Rule 59 of the Federal Rules of Civil Procedure, the Court "may, on motion, grant a new trial on all or some of the issues–and to any party–as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." FED. R. CIV. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). Thus, the Court finds that QCI has not waived its right to seek a new trial or remittitur.

1

The Court DENIES QCI's request for a new trial or remittitur on the presented grounds of an allegedly improper Court instruction, improper hypothetical negotiation date, and improper calculation of prejudgment interest, and the Court's allegedly improper rulings on the exhaustion doctrine and implied license.  However, the Court has not yet determined whether QCI's request for a new trial or remittitur in this case is appropriate based on the issue of whether the damages award is clearly excessive and against the great weight of evidence.  The Court seeks additional briefing on this issue, and in particular, the Court requests the parties to point to specific portions of the trial transcript upon which the Court can appropriately base a remitted damages award if it decides that a remittitur is appropriate.  The parties are ordered to brief this issue according to the following briefing schedule:

| | |
|---|---|
| QCI's opening brief: | April 26, 2010 |
| LaserDynamics' responsive brief: | May 10, 2010 |
| QCI's reply brief: | May 17, 2010 |

IT IS SO ORDERED.

SIGNED this  7th  day of April, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE