# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LASERDYNAMICS, INC., § | | |
|     *Plaintiff*, § | | |
| § | | |
| v. § | CASE NO. 2:06-CV-348-TJW | |
| § | | |
| QUANTA COMPUTER, INC., et al., § | | |
|     *Defendants*. § | | |
| § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff LaserDynamics, Inc.'s ("LaserDynamics'") motion for a permanent injunction. [Dkt. No. 577.] In the alternative, LaserDynamics moves for the award for post-judgment royalties against QCI. Defendant Quanta Computer, Inc. ("QCI") opposes the motion. The Court held a full evidentiary hearing on the issue of a permanent injunction on February 2, 2010. The Court has carefully considered the parties' submissions, the record, and the applicable law. For the following reasons, the Motion is DENIED with respect to a permanent injunction and CARRIED with respect to post-judgment royalties.

## I.  BACKGROUND

The parties to this case selected a jury on June 1, 2009. The trial commenced on June 30, 2009 and the jury reached its verdict on July 6, 2009. The jury found that defendant QCI infringed claim 3 of U.S. Patent No. 5,587,981 ("the '981 patent"), that asserted claim 3 is not invalid, that QCI's infringement was willful, and that LaserDynamics recover from QCI a reasonable royalty of Fifty Two Million Dollars ($52,000,000) in actual damages. [*See* Dkt. No. 533.] The Court conducted a bench trial on the defense of inequitable conduct on August 10, 2009 and issued an order denying that defense on August 17, 2009. [*See* Dkt. No. 562.] On

January 6, 2010, the Court entered Final Judgment in favor of LaserDynamics in accordance with the jury's verdict, awarding an additional Five Million, Four Hundred Fifty Six Thousand, One Hundred Thirty Six Dollars ($5,456,136) in pre-judgment interest for a total award to LaserDynamics of Fifty Seven Million, Four Hundred Fifty Six Thousand, One Hundred Thirty Six Dollars ($57,456,136). [*See* Dkt. No. 588.] QCI moved for judgment as a matter of law on the issue of infringement, and this Court denied such request. [Dkt. Nos. 594 and 614.] QCI also moved for a new trial and/or remittitur on the issue of damages. [Dkt. No. 592.] The Court granted QCI's request and offered LaserDynamics the option of a remittitur in the amount of $6.2 million or a new trial on the issue of damages. [Dkt. No. 620.] LaserDynamics elected a new trial on damages. [*See* Dkt. No. 621.]

The issue presented before the Court is whether LaserDynamics is entitled to a permanent injunction or any post-judgment royalties against QCI.

## II. LEGAL STANDARD

The Patent Act provides that courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. A permanent injunction is appropriate when a four-part test is satisfied:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *Id.*

### III. DISCUSSION

#### A. Permanent Injunction

Bearing these four factors in mind, the Court now turns to the facts of this case to assess the propriety of permanent injunctive relief.

#### 1. Irreparable Injury

LaserDynamics has not demonstrated irreparable injury. LaserDynamics does not compete with QCI, nor does it have any competitors in the relevant market. The best case for obtaining a permanent injunction often occurs when the plaintiff and defendant are competing in the same market. In that context, the harm in allowing the defendant to continue infringing is the greatest. Because LaserDynamics is not competing with QCI, it is more difficult for LaserDynamics to argue that it will be irreparably harmed without an injunction. This fact weighs heavily in the Court's analysis.

"Past harm to a patentee's market share, revenues, and brand recognition is relevant for determining whether the patentee has suffered an irreparable injury." *See i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010) (citations omitted). LaserDynamics has never used the '981 patent to develop a product. There has been no loss of market share, lost profits, and potential revenue to LaserDynamics, and there will likely be none in the future. Further, there is no concern of loss of brand name recognition and goodwill to LaserDynamics. "These are the type of injuries that are often incalculable and irreparable." *See z4 Technologies, Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440-41 (E.D. Tex. 2006) ("In the absence of a permanent injunction against Microsoft, z4 will not suffer lost profits, the loss of brand name recognition or the loss of market share because of Microsoft's continued sale of the infringing products.") Further, the claimed invention embodied in the disc-drive is but one relatively small

component of the entire assembled computer. When the patented invention is but a small component of the accused product, it weights against a finding of a permanent injunction. *See id.* at 440. Still further, LaserDynamics has repeatedly entered into numerous one-time, lump-sum licenses on the '981 patent, and LaserDynamics has always sought monetary awards on the '981 patent. Accordingly, the Court finds that LaserDynamics will not suffer irreparable injury absent an injunction.

### 2. Inadequate Remedies at Law

LaserDynamics has also not demonstrated the inadequacy of legal remedies. LaserDynamics' extensive licensing history, in which LaserDynamics has licensed the '981 patent to at least twenty-seven different companies for one-time, lump-sum payments demonstrates that money damages have been and will continue to be sufficient to remedy any infringement. As discussed above, LaserDynamics has no products, no presence in the optical disc drive or computer industry, and no name recognition, goodwill, or market share in the industry. This is not a case where LaserDynamics will suffer any loss that is particularly difficult to quantify. *See i4i*, 598 F.3d at 862 ("Difficulty in estimating monetary damages is evidence that remedies at law are inadequate."); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 703-04 (Fed. Cir. 2008). Future damages in lieu of an injunction will compensate LaserDynamics for any future loss, making legal remedies adequate in this case.

### 3. Balance of Hardships

"[T]he 'balance of hardships' assesses the relative effect of granting or denying an injunction on the parties." *i4i*, 598 F.3d at 862. The Court has considered the balance of hardships and finds that the balance of harms favors QCI. The Court finds that QCI faces significant hardships if enjoined and will likely damage its reputation and lose goodwill.

Further, an injunction would not only interrupt QCI's business but also that of related businesses, including suppliers and customers of QCI. LaserDynamics has failed to show that the absence of an injunction would have a negative effect on LaserDynamics or that the balance of hardships favors LaserDynamics.

### 4. Public Interest

The question presented by this factor is whether the public interest would be disserved by an injunction. The "touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a workable balance between protecting the patentee's rights and protecting the public from the injunction's adverse effects." *See i4i*, 598 F.3d at 863. The public has an interest in a strong patent system and it is generally in the public interest to uphold patent rights against an adjudicated infringer. *See id.* Although it is generally in the public interest to uphold patent rights, LaserDynamics has failed to show that the public interest would be better served through an injunction under the circumstances of this case. Overall, the Court concludes that the public interest does not weigh heavily in either party's favor.

After considering the traditional equitable factors, the Court concludes that LaserDynamics has not shown that a permanent injunction is proper in this case. Thus, the Court DENIES LaserDynamics' request for a permanent injunction.

### B. Post Judgment Royalties

In the absence of injunctive relief by this Court, LaserDynamics seeks post judgment royalties for the continued infringement by QCI of the '981 patent. "Under some circumstances, awarding an ongoing royalty for patent infringement in lieu of an injunction may be appropriate." *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007). "[W]hen an injunction is not proper under *eBay*, the question instead becomes: what amount of

money would reasonably compensate a patentee for giving up his right to exclude yet allow an ongoing willful infringer to make a reasonable profit?" *Paice LLC v Toyota Motor Corp.*, 609 F. Supp. 2d 620, 624 (E.D. Tex. 2009). As the Federal Circuit explained:

> In most cases, where the district court determines that a permanent injunction is not warranted, the district court may wish to allow the parties to negotiate a license amongst themselves regarding future use of a patented invention before imposing an ongoing royalty. Should the parties fail to come to an agreement, the district court could step in to assess a reasonable royalty in light of the ongoing infringement.

*Paice*, 504 F.3d at 1315.

Because LaserDynamics has requested a new trial on the issue of damages, a ruling on the appropriateness and the amount of post-judgment royalties, if any, is premature. After the jury has provided its findings as to the amount of damages in the new trial, LaserDynamics will be invited to file a motion for post-judgment royalties. The Court CARRIES LaserDynamics' request for post judgment royalties against QCI until after the new trial on damages has been completed.

### IV. CONCLUSION

After considering the traditional equitable factors, the Court concludes that LaserDynamics has not shown that a permanent injunction is proper in this case. Thus, the Court DENIES LaserDynamics' request for a permanent injunction. The Court CARRIES LaserDynamics' request for post judgment royalties against QCI until after the new trial on damages has been completed.

IT IS SO ORDERED.

SIGNED this 22nd day of June, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE